BERNARD M. PHELAN, Respondent, *v.* CARSTENS, LINNEKIN & WILSON et al., Appellants.

Supreme Court, Appellate Term, First Department, January 30, 1947.

*Thomas P. Morrissey* for appellants.

*Moses M. Cohen* for respondent.

EDER, J. The action is to recover overtime compensation, liquidated damages and counsel fee and is brought pursuant to the provisions of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*)

The defendant Bradbury Building Corp. was the owner of a building; the majority of the tenants thereof were manufacturers engaged in interstate commerce. Plaintiff was employed as the building superintendent; the defendants Carstens, Linnekin & Wilson were the managing agents.

Sometime in November, 1943, plaintiff brought suit against the Bradbury company in the United States District Court for the Southern District of New York to recover the sum of $686.40 for overtime compensation and for an equal amount as liquidated damages, totaling $1,372.80, and for a reasonable attorney's fee. Bradbury answered on or about December 11, 1943, interposing a general denial and as a further defense pleaded that plaintiff was an executive or administrative employee within the meaning of the Act (§ 13, subd. [a]; U. S. Code, tit. 29, § 213, subd. [a]), and demanded judgment dismissing the complaint.

Following the joinder of issue in that action the parties thereto on March 14, 1944, entered into a stipulation for judgment which recited that the plaintiff contended he was an employee within the meaning of the act and was entitled to overtime compensation in the sum of $686.40; it also recited that defendant Bradbury contended that plaintiff's services were of an executive or administrative nature and that his work and services were not within the purview of the act and that he had no valid claim against the Bradbury concern for overtime compensation; that even if he came within the provisions of the act during the period claimed for, Bradbury disputed the plaintiff's claim for overtime compensation for such period and the amount thereof. The stipulation also recites: " In order to effectuate the settlement and disposition of the above entitled action and the disputed claim of the plaintiff as aforementioned, the defendant

hereby agrees to and shall pay to the plaintiff and the plaintiff hereby agrees to accept payment of the sum of $700 in full payment and satisfaction of and for all services, claims, liquidated damages, including attorney's fees, costs and interest, and compensation, overtime or otherwise, under such Act or otherwise, applicable to the aforementioned period."

The stipulation then provides that judgment shall be entered in favor of plaintiff against the Bradbury company in the sum of $700; that said judgment shall provide for the dismissal of the complaint in favor of the defendant on the merits, without costs; that simultaneously with the entry of said judgment plaintiff shall deliver to Bradbury a duly executed satisfaction of judgment and general release and that Bradbury shall pay the amount of said judgment to plaintiff after withholding a sum equal to the appropriate withholding tax under the applicable Federal revenue act.

Judgment on the stipulation was entered in the said United States District Court on March 22, 1944. Bradbury paid the judgment in full and received from plaintiff a satisfaction thereof and general release.

Thereafter and in September, 1945, the plaintiff instituted this action to recover the sum of $686.40 as overtime compensation under the act and for a counsel fee of $250, demanding judgment for $936.40. It is to be observed that the instant suit is against both Bradbury (owner) and Carstens, Linnekin & Wilson (managing agents). Defendants joined issue pleading a general denial, and affirmative defenses of payment; accord and satisfaction; release; *res judicata* and previous judgment obtained by plaintiff against defendant Bradbury which has been paid in full; Statute of Limitations; plaintiff was an executive or administrative employee within the meaning of the act.

The Trial Court permitted plaintiff to recover and filed an opinion which sets forth the reasons why it deemed the defenses ineffectual.

For the purpose of disposing of this appeal and in view of the disposition to be made thereof I deem it necessary to consider and discuss only those features to which reference will be made.

The plaintiff's basic position is that the judgment entered in the Federal court and the satisfaction thereof and the general release were ineffective to bar the plaintiff's right to recover because the stipulation for entry of judgment and the entry of judgment thereon were merely a device to deprive the plaintiff of the benefit to which he is entitled under the act, namely, the

full payment of his overtime compensation, and that payment of a lesser sum, however accomplished, is without legal effect; that only actual payment of the full overtime compensation can operate as a satisfaction and bar.

. These views met with the approval of the learned court below and the correctness thereof is challenged by the defendants.

· It was emphasized by plaintiff, in the Trial Court, and is again stressed in this court, that the judgment of the Federal court is a nullity for the reasons stated and that the Trial Court could, therefore, disregard it and award the plaintiff a recovery in this action.

The plaintiff recognizes that, ordinarily, a judgment entered in the Federal court would be a binding adjudication, even though entered on consent, but argues that this rule must be held to be inapplicable in cases arising under the Fair Labor Standards Act unless the stipulation and judgment are first submitted to judicial scrutiny and approval, which, he says, is the procedure suggested by Mr. Justice REED in footnote 8 to his opinion in *Schulte, Inc., v. Gangi,* 328 U. S. 108, 113).

Plaintiff asserts, with a considerable measure of merit, in my opinion, that otherwise a judgment entered on consent, not submitted to judicial scrutiny and approval, may be and is nothing more than a device to circumvent or evade the ruling that an employee cannot be deprived of the full payment of overtime compensation to which he is entitled and defeats the public policy of Congress (Act, § 2; U. S. Code, tit. 29, § 202) and accomplishes by this method the payment of a lesser sum than the employee would be entitled to under the terms of the act. That there is much to be said in support of this contention, cannot, I think, be denied.

In the case at bar there was no appearance before the Federal court or a judge thereof, nor was the stipulation submitted to judicial scrutiny or approval, or signature, nor even an order of any judge of that court entered permitting the entry of the judgment which is now sought to be interposed as a bar to plaintiff's recovery herein. There was no judicial inquiry as to the merits of the stipulation and consent.

It is my view that a judgment entered on consent, which has not been arrived at after a fair and full disclosure of the facts to the court is not in keeping with the public policy of Congress and that the comment of Mr. Justice REED in his footnote 8 carries the implication that in the case of a stipulated judgment it should first have judicial scrutiny to determine if that pro-

cedure is merely a device to circumvent or evade the mentioned ruling and public policy and to decline to authorize entry of a judgment on the stipulation if satisfied that such is the purpose of the consent judgment. To hold otherwise, it seems to me, would be to exalt artifice above reality and thus deprive the employee of the objects and benefits of the act which Congress intended he should have.

I conclude it to be the plain purport of footnote 8 that the court should look at actualities and disregard what appears unreal and sham and it impresses me that to hold contrary would be to permit scheme to supersede legislation. " A given result at the end of a straight path is not made a different result because reached by following a devious path." (*Minnesota Tea Co.* v. *Helvering,* 302 U. S. 609, 613.)

However, I am of opinion that in view of plaintiff's premise his remedy is to apply to the Federal court to vacate the judgment entered on the stipulation and consent; that while the judgment of that court stands it is a binding adjudication and that the Municipal Court was bound thereby and could not disregard its binding effect.

As long as the judgment remains in force there can be no recovery against the owner, the Bradbury company, which paid the judgment in full, and the judgment rendered against it should be reversed and the complaint dismissed, but without prejudice to the plaintiff to make application to the Federal court to vacate the judgment.

As to the defendant Carstens, Linnekin & Wilson, the managing agents, it is contended by plaintiff that under subdivision (d) of section 3 of the Act (U. S. Code, tit. 29, § 203, subd. [d]), they come within the statutory definition of an employer (though, in fact, they are the agents of the employer). In this connection I shall assume, *arguendo,* that, as asserted by plaintiff, this provision imposes an independent liability upon the managing agent (though I am not at all certain this is so).

It seems to me that this, then, would do no more than authorize the plaintiff-employee to proceed against either the owner, or the managing agent, or both, but I am of the opinion that he has but one cause of action, nonetheless, as to which the liabilities of both owner and managing agent are consolidated and unified. Even if it be otherwise, if the settlement of the Federal court action by the plaintiff can be said to have been of his entire claim, the full payment thereof would constitute an extinguishment *in toto* and no part remained upon which

plaintiff could sue Carstens, Linnekin & Wilson, the agents of the employer.

It is my view, therefore, that the judgment should also be reversed and the complaint dismissed as to them, but without prejudice to the plaintiff, and that he be relegated to seek redress, if he has any, in the Federal court.

The judgment should be reversed, with $30 costs, and complaint dismissed as to defendant Bradbury Building Corp., without prejudice to application by plaintiff to the United States District Court to vacate the judgment entered in that court, and complaint dismissed as to defendants Carstens, Linnekin & Wilson, without prejudice to plaintiff's taking such proceedings against said defendants in said District Court as he may be advised.

HAMMER, J. (concurring). In my opinion the prior judgment of the Federal court is not subject to the collateral attack attempted here. As by the stipulation of the parties there, which was the basis of that judgment, the parties purported to settle their controversy *in toto* and the payment stipulated was made, my opinion also is that the judgment protects the agent of the defendant principal, the purported settlement, and payment in full, leaving no part unpaid. I think orderly procedure in any event requires that these parties be relegated to proceed in the Federal court and action both in respect of the judgment there entered and the right, if any, to bring in the defendant agents as parties to that action.

SHIENTAG, J., concurs with EDER, J.; HAMMER, J., concurs in memorandum.

Judgment reversed, etc.